**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD CAMBREL,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-09-1930 |
| v. : | |
| : | (Judge Caputo) |
| **ISAAC FULWOOD, et al.,** : | |
| : | |
| Respondents : | |

***M E M O R A N D U M***

*I.    Introduction*

Ronald Cambrel, a federal prisoner serving a life sentence for murder, seeks this court to issue of writ of mandamus directing the United States Parole Commission (Parole Commission) and the Bureau of Prisons (BOP) to disclose documents they failed to produce in response to his Freedom of Information Act (FOIA), 5 U.S.C. § 552, requests.  Specifically, Mr. Cambrel wants copies of various documents relied upon by the Parole Commission as reasons for denying him parole.  For the reasons that follow, Mr. Cambrel's Petition for Writ of Mandamus (Doc. 1) will be denied.

*II.    Standard of Review*

"[D]istrict courts shall have original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff."  28 U.S.C. § 1361.  Mandamus is a drastic remedy available only in the most extraordinary circumstances.  *See Kerr v. U.S. Dist. Ct.,*

426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, ___ U.S. ___, ___, 130 S.Ct. 705, 710, 175 L.Ed.2d 657 (2010)(per curiam)(quotation marks and punctuation omitted); *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004).

### III.   Background

On January 10, 1974, Ronald Cambrel was sentenced in the Superior Court of the District of Columbia to 20 years to life in prison after pleading guilty to first degree murder. *See* Doc. 10-2, Exs. in Supp. Resp. to Pet. for Mandamus at ECF p. 5.[1] He is currently incarcerated at the Hazelton United States Penitentiary (USP-Hazelton) in Bruceton Mills, West Virginia. *See* Doc. 14, Change of Address.

The District of Columbia (D.C.) Board of Parole initially considered Mr. Cambrel for parole in 1993. Doc. 10-2 at ECF p. 8. The D.C. Board denied him parole and ordered a rehearing in 1995. *Id*. In 1995, the D.C. Board again denied him parole and ordered a rehearing in 2000. *Id.* at ECF p. 9.

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (ECF) rather than the page numbers of the original documents.

On August 16, 1989, Mr. Cambrel was transferred from the D.C. Department of Corrections (DOC) to the BOP. He was returned to the D.C. DOC on June 23, 1992. *See* Doc. 13-2, Exs. in Supp. Petr's. Traverse at ECF p. 62. Eventually, the D.C. DOC was terminated and all D.C. DOC inmates were designated to BOP facilities. *Id*. On July 1, 1999, Petitioner was transferred.[2] His classification file was also transferred at this time. Doc. 13-2 at ECF p. 76. There were no "DC Disciplinary Reports" contained in the transfer file. *Id*.

Effective August 5, 1998, jurisdiction of Mr. Cambrel's parole determinations was transferred to the Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745; D.C. Code §24-131 (formerly 24-1231). The Parole Commission conducted Petitioner's rehearings in 2000, 2003, 2007 and 2008. Doc. 10-2 at ECF pp. 10-29. At his last rehearing in 2008 the Parole Commission set a parole rehearing for October 2010. *Id*. at ECF pp. 28-29.

In these various proceedings, the Parole Commission denied Mr. Cambrel parole for various reasons, including but not limited to, a continued reference to his pre-1988 negative institutional adjustment as demonstrated by his receipt of frequent incident reports. *Id*. at ECF pp. 10-29. Mr. Cambrel has repeatedly questioned the Parole Commission about the accuracy of this information. *Id*. at p. 14. The Parole Commission has responded that although his "file indicates that 49 incident reports" which Petitioner accrued while in D.C. custody are "not in the

---

[2] It is unclear whether Mr. Cambrel was transferred to or from Sussex II State Prison, a Virginia facility, at this time. *See* Doc. 13-2 at ECF p. 76 and p. 79.

Commission's file.  The examiner refers the reviewer to the Presentence Report prepared for the 1988 offense (Docket No. 88-211A E/VA) . . . [which contains] a short summary . . . of each of the incident reports" is included.  *Id.* at ECF p. 15.[3]  Some of the incident reports listed in the presentence report were:

| | |
|---|---|
| Possession of Major Contraband | 06/21/1988 |
| Threatening Conduct | 06/05/1987 |
| Creating a Disturbance | 07/03/1981 |
| Threatening a Correctional Officer | 08/21/1981 |
| Assault | 12/16/1981 |
| Fighting | 08/03/1975 |
| Fighting | 08/12/1975 |

*See Id*.[4]  The 2003 Hearing Examiner personally reviewed the Parole Commission's file for the referenced incident reports but found "no incident reports available." *Id*. at ECF p. 17.  Mr. Cambrel's case manager was requested to ask the BOP for copies of the incident reports.  *Id*.  In response the Hearing Examiner received "a copy of two incident reports, which are in the file, and a copy of the 1988 PSI, which outlines the 49 incident reports described." *Id*.

In March 2001 Mr. Cambrel's first FOIA request asked the Parole Commission to disclose "copies of information relied upon by the Commission regarding your incident reports and your conviction involving possession of contraband (shank).  Also, . . . copies of the prior calculation of your salient factor score."  A total of 14 pages of information was disclosed by the Parole Commission

---

[3]  This information is consistent with information used by the D.C. Hearing Examiner in Mr. Cambrel's initial parole consideration.  *See Cambrel v. Bledsoe,* 3:CV-08-1684 (M.D. Pa.)(J. Caputo), Doc. 2, Petr's. Ex. in Supp. Pet. For Habeas Corpus, ECF at p. 23.

[4]  A more extensive listing can be found in his 2003 parole rehearing transcript.  *See* Doc. 13-2 at ECF pp. 30-33.

at that time. *See Cambrel v. Bledsoe*, 3:CV-08-1684 (M.D. Pa.)(J. Caputo), Doc. 2 at ECF p. 76.  Mr. Cambrel received a copy of the presentence report from which the Parole Commission gleaned his D.C. DOC incident report.  *See* Doc. 13-2 at ECF p. 41.

In 2003, Mr. Cambrel filed another FOIA request for "all files maintained by the Commission" related to him.  *Id*. at ECF p. 40.  He made an identical request in 2009.  *Id*. at ECF p. 46;*see also* Doc. 10-2 at ECF p. 30.  Consistent to all requests is his desire to review the individual pre-1988 incident reports listed in his 1988 presentence report.  On July 13, 2009, the Parole Commission provided Cambrel with an initial response to his January 5, 2009, request.  Doc. 10-2 at ECF p. 35. The Commission noted that it was providing copies of:

> all documents maintained in the U.S. Parole Commission's file since the Commission's previous disclosure of January 23, 2004.

*Id*.  The Parole Commission also noted that:

> Because of safety and security reasons, Bureau of Prison policy prohibits inmates from obtaining or possessing copies of presentence reports of any document that states reasons for a sentencing decision.  Therefore, this disclosure does not include such documents.  You may obtain access to these documents through your institutional unit staff.

*Id*.  Finally, the Parole Commission specifically notes that:

> Any copies of documents provided in previous FOIA responses are not included in this response.  Any documents submitted by you or your representative are not enclosed, but will be sent if you so request.

*Id*.  Although the Parole Commission disclosed 35 pages of materials, it advised that

30 pages of documentation, with origins in the BOP, was being referred to the BOP for further response. *Id*. On September 22, 2009, the BOP responded to Petitioner's FOIA request. Doc. 13-2 at ECF p. 52. The BOP released all 30 pages of document that were found in the Parole Commission's file. *Id*. On September 8, 2010, the Commission forwarded a supplemental disclosure to Mr. Cambrel which consisted of the audio recording from his October 27, 2008, parole hearing. *Id*. at ECF p. 37.

More recently, Mr. Cambrel affirms he had the opportunity to personally inspect the materials in Parole Commission his institutional file in connection with his 2010 parole rehearing. Doc. 13-2 at ECF p. 84. Additionally, via a BOP Inmate Request to Staff, he again sought the disclosure of his pre-1988 incident reports. *Id*. at ECF p. 85. His case manager responded that he "REVIEWED BOTH YOUR DC FILE AND CENTRAL FILE AND COULD NOT LOCATE THE [ ... ] INCIDENT REPORTS." (emphasis in original). The only incident reports found by the case manager found were the following: "1988 possession of major contraband, 1992 bodily injury, 2004 possession of a weapon, 2006 being absent from work, [and] 2009 being absent from work." *Id*. at ECF p. 87.

While the documents disclosed to Mr. Cambrel by the Parole Commission and the BOP include the October 27, 2008 Executive Reviewer's decision and a copy of the audio tape from that parole rehearing, as well as a summary of his pre-1988 incarceration incident reports, to date he has not received, or been permitted to review, individual copies of each D.C. DOC pre-1988 incident report listed in his

presentence report. *See* Doc. 13 at ECF p. 13.

## IV. *Discussion*

The FOIA requires federal agencies to make information in their possession available to the public unless the information falls under one of the nine enumerate exceptions, which are to be narrowly construed. *See* 5 U.S.C. § 552(b); *Milner v. Dep't of the Navy*, ___ U.S. ___, ___, 131 S.Ct. 1259, 1262, 179 L.Ed.2d 268 (2011). Under the FOIA, an agency is not obligated to create or retain documents. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 151, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). An agency is only required to produce those records in its custody and control at the time of the FOIA request. *See Bartlett v. Dep't of Justice*, 867 F.Supp. 314, 315–16 (E.D.Pa.1994) (citing *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 148, 109 S.Ct. 2841, 2850, 100 L.Ed.2d 112 (1989)). "To the extent [a petitioner] is dissatisfied with what was produced," the agency must demonstrate that its search for the requested documents was "reasonable calculated to uncover all relevant documents." *Campbell v. Social Security Admin.*, No. 10-2255, 2011 WL 2164120, at *3 (3d Cir. Jun. 3, 2011)(citing *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350-51 (D.C. Cir. 1983)). To demonstrate the adequacy of the agency's search, "the agency may rely on detailed, nonconclusory affidavits submitted in good faith." *Id*. In FOIA litigation, mootness occurs when requested documents have already been produced. *Id*. (citing *OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 168 (3d Cir.

2000)).

Originally, Mr. Cambrel sought disclosure of the following documents/ information: (1) the Executive Reviewer's October 27, 2007, parole rehearing Summary/Recommendation; (2) the tape recording from that rehearing; and (3) to acknowledge with the exception of one 2004 incident report that neither the Parole Commission nor the BOP "never possessed nor cited from" actual disciplinary incident reports referred to in his 2000, 2003, 2007 or 2008 parole rehearings. Doc. 1, Pet. for Mandamus at ECF p. 2. During the course of these proceedings, Mr. Cambrel received the "2008 rehearing taped recording and [an] explanation of Executive Reviewer's agreement with the Hearing Examiner." *See* Doc. 13 at ECF p. 13. As such he concedes that these two issues are moot. *Id*. The only unresolved issue is the disclosure of Petitioner's pre-1988 D.C. DOC disciplinary reports as reflected in his presentence report for his 1988 conviction for possession of weapon. Doc. 10-2 at DCF pp. 14-17.

As noted above, the Parole Commission and the BOP can only produce those documents within their custody and control at the time of the FOIA request. *See Bartlett, supra.* As the record reflects, at this point, the Parole Commission, the BOP, and Mr. Cambrel have all searched his Parole Commission and BOP files without finding individual copies of the bulk of disciplinary incident reports listed in his 1988 presentence report. Although the individual incident reports do not appear in the Petitioner's files, it is important to note that their absence does not negate the fact that they ever existed. Moreover, neither documenting their existence, nor validating the facts upon which each incident report was based, is within the Court's

purview.  Our task is to determine the reasonableness of the agency's search for the requested documents when responding to Mr. Cambrel's FOIA requests.  Given the record before the Court, there is little to suggest that any malfeasance on the Government's behalf.  The multitude of documents produced by the two agencies, the transcript of the excerpt from the 2003 parole rehearing which recites the Hearing Examiner's review of many of the incident reports with Petitioner, the in-house search conducted by the BOP for the files,  as well as Mr. Cambrel's own review of his Parole Commission file —  all of which failed to yield the individual pre-1988 disciplinary reports — support the conclusion of the thoroughness and adequacy of the agency's FOIA responses.  The historical and overlapping searches by the agencies and Mr. Cambrel himself, although unsatisfactory to Mr. Cambrel, are consistent.  However, the court can not mandate the production of documents the agencies do not have in their custody or control at the time of the FOIA request.  Based on the above, Mr. Cambrel's Petition for Writ of Mandamus will be denied.

An appropriate order follows.

                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**

**Date: October 5, 2011**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD CAMBREL,** : | |
| : | |
| **Petitioner** : | |
| : | **CIVIL NO. 3:CV-09-1930** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **ISAAC FULWOOD, et al.,** : | |
| : | |
| **Respondents** : | |

**O R D E R**

**NOW**, this  5th  day of **OCTOBER, 2011,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED** that Mr. Cambrel's Petition for Writ of Mandamus (Doc. 1) is **DENIED.**

                                                                  /s/ A. Richard Caputo
                                                                  **A. RICHARD CAPUTO
                                                                  United States District Judge**